Read, J.
The original suit was commenced in the court of common pleas. Judgment was recovered to the amount of forty dollars, in favor of plaintiff, and each party adjudged to pay his own costs, as the subject matter of tho suit fell within the jurisdiction of a justice of the peace. From this judgment the defendant appealed to the Supreme Court, and the plaintiff, in that court, recovered a judgment of seventy dollars. The question now is, whether the plaintiff is entitled to a judgment for full costs. It seems to have been supposed that, as no judgment for costs could be rendered against the defendant in the court of common pleas, that it followed, as a matter of course, that no judgment could bo rendered for them in the Supreme Court on the appeal, or at least not for full costs.
Wm. W. Gaston, for plaintiff.
Otis and Tilden, for defendant.
*This question is settled by the statute. The act regulating the practice of judicial courts, Swan’s Stat. 683, section 126, provides “that if the defendant, in any personal action, shall remove the same, by appeal, to the Supreme Court, and the plaintiff shall recover in such cause a judgment for the same sum, or a larger sum than was recovered in the court of common pleas, exclusive of costs, the Supreme Court shall render judgment for the sum so recovered, with costs of suit.”
In this case the defendant appealed, and the plaintiff recovered judgment for a larger sum in the Supreme Court than in the common pleas. Hence, the defendant comes within the exact words of the statute, which subjects him to a judgment for full costs of suit.
Nothing can be gathered from the spirit or meaning of the law which would limit its construction to embrace the costs only of the Supreme Court. The object of the statute was to prevent the litigation and delay of a second trial, where the party appealing had justice in the first trial, by punishing him with full costs. Full costs embrace all the costs accruing in the suit, both in the common pleas and Supreme Court.
Judgment for plaintiff.